NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALY TAMBOURA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, Warden<br><br>　　　　　Respondent. | No. C 08-1143 JF (PR)<br><br>ORDER TO SHOW CAUSE; DENYING MOTION FOR APPOINTMENT OF COUNSEL AND APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(Docket Nos. 2 & 3) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Petitioner has paid the filing fee, his application to proceed in forma pauperis (docket no. 2) is DENIED as moot. The Court orders Respondent to show cause why the petition should not be granted and DENIES the application for appointment of counsel (docket no. 3).

**BACKGROUND**

Petitioner plead no contest, in Monterey County Superior Court, to counts of inflicting corporal injury on a spouse, making criminal threats, and the use of a firearm. On July 29, 2004, the trial court sentenced Petitioner to a term of fourteen years in state prison. The trial court stayed the sentence and placed Petitioner on probation for three years. On December 16, 2005, the trial court held a hearing and found Petitioner had

violated probation. On February 2, 2006, the trial court sentenced Petitioner to a term of fourteen years in state prison. The California Court of Appeal affirmed, and the California Supreme Court denied the petition for review. The instant federal habeas petition was filed on February 28, 2008.

## DISCUSSION

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claims

Petitioner alleges the following claims for habeas relief: (1) there was not sufficient evidence to support the finding that Petitioner violated the terms of his probation by willfully failing to pay child support, in violation of his right to due process; (2) there was not sufficient evidence to support the finding that Petitioner violated his probation by willfully failing to stay more than 100 yards away from his ex-wife, in violation of his right to due process; (3) his probation violation hearing was not held before a neutral arbiter, in violation of his right to due process; and (4) Petitioner did not receive notice of the violation of probation, in violation of this right to due process. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.   The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

1        2.    Respondent shall file with the Court and serve on Petitioner, within **sixty**
2  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the
3  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
4  not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of
5  all portions of the state criminal proceedings that have been transcribed previously and
6  that are relevant to a determination of the issues presented by the petition.
7        If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
8  with the Court and serving a copy on Respondent within **thirty days** of the date the
9  answer is filed.
10       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
11 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
12 Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
13 with the court and serve on Respondent an opposition or statement of non-opposition
14 within **thirty days** of the date the motion is filed, and Respondent shall file with the
15 Court and serve on Petitioner a reply within **fifteen days** of the date any opposition is
16 filed.
17       4.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
18 the Court and all parties informed of any change of address by filing a separate paper
19 captioned "Notice of Change of Address."  Petitioner must comply with the Court's
20 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
21 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
22       5.    Petitioner's motion for appointment of counsel is DENIED for want of
23 exceptional circumstances, and because no evidentiary hearing is necessary at this time.
24 The application for leave to proceed in forma pauperis is DENIED as moot because
25 Petitioner has paid the filing fee.
26       IT IS SO ORDERED.
27 DATED: _5/2/08_____

JEREMY FOGEL
United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.Jf\HC.08\Tamboura143osc.wpd     3